[Cite as *In re Y.V.*, 2011-Ohio-2409.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96061**

---

## IN RE: Y.V.
## A Minor Child

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD09902303

**BEFORE:** Rocco, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 19, 2011

-i-

**ATTORNEY FOR APPELLANT**

R. Brian Moriarty
R. Brian Moriarty, L.L.C.
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE,
C.C.D.C.F.S.**

Yvonne C. Billingsley
C.C.D.C.F.S.
3955 Euclid Avenue
Cleveland, Ohio 44115

William D. Mason
Cuyahoga County Prosecutor

BY:   Gina S. Lowe
        Assistant Prosecuting Attorney
Cuyahoga County Department of Children
and Family Services
4261 Fulton Parkway
Cleveland, Ohio 44144

**GUARDIAN AD LITEM**

Mark Witt
6209 Barton Road
North Olmsted, Ohio   44070

KENNETH A. ROCCO, J.:

{¶ 1} Appellant F.V.[1] appeals from the order of the Cuyahoga County Court of Common Pleas, Juvenile Division, that terminated his parental rights and granted permanent custody of the child Y.V. to the Cuyahoga County Department of Children and Family Services ("the agency").

{¶ 2} Appellant presents one assignment of error. He argues the juvenile court's order lacks an adequate basis in the evidence. Since this court disagrees, his assignment of error is overruled, and the juvenile court's order is affirmed.

{¶ 3} The record reflects the child was born on November 20, 2008. At that time, the child's mother was serving a prison sentence for a probation violation; therefore, the agency assumed emergency temporary custody of the child. The agency placed the child in a foster home where her two siblings also previously had been placed.

{¶ 4} On July 1, 2009, the juvenile court adjudicated the child as neglected and dependent. On October 6, 2009, after conducting a hearing, the court placed the child into the agency's full temporary custody.

---

[1]The parties are not referred to by their names because it is this court's policy to protect the privacy of children involved in parental rights cases.

{¶ 5} The agency filed a motion for an extension of temporary custody on November 10, 2009. Upon a finding that some progress had been made in alleviating the cause for the child's removal from the parents, the court granted the motion on February 2, 2010, and set the case for a review hearing to be held a few months later.

{¶ 6} However, on March 31, 2010, the agency filed a motion for permanent custody. The agency alleged Y.V. had been in its temporary custody for twelve or more months of a consecutive twenty-two month period, and that an award of permanent custody to the agency was in Y.V.'s best interest.

{¶ 7} According to the social worker's affidavit attached to the motion, Y.V.'s natural mother had failed to obtain any of the case plan objectives, had "a severe cocaine problem" that remained unresolved, had never successfully completed a substance abuse treatment program, and had her parental rights involuntarily terminated as to her two other children based on the same facts.

{¶ 8} The affidavit also stated that appellant failed to support Y.V. since her birth and failed to establish paternity. Furthermore, the affidavit alleged appellant had completed only that portion of the case plan that required him to complete a mental health assessment; appellant had obtained

neither appropriate housing for the child nor a stable income with which he could provide for Y.V.

{¶ 9} On September 30, 2010, the juvenile court conducted a hearing on the agency's motion. Y.V.'s natural mother did not attend. The agency presented the testimony of the social worker assigned to the case, and introduced several exhibits into evidence. Appellant elected to present no evidence.

{¶ 10} Following the hearing, the juvenile court granted the agency's motion for permanent custody.

{¶ 11} Appellant appeals the foregoing judgment, raising one assignment of error for review.

**"I. The trial court's order granting permanent custody to the [agency] was not based upon sufficient clear and convincing evidence."**

{¶ 12} Appellant argues the juvenile court's decision is unsupported by the record. This court disagrees.

{¶ 13} In order to terminate parental rights and grant permanent custody to a county agency, the record must demonstrate by clear and convincing evidence the following: 1) the existence of one of the conditions set forth in R.C. 2151.414(B)(1)(a) through (d); and, 2) permanent custody is in

the best interest of the child. In making the latter determination, the court must consider the five factors set forth in R.C. 2151.414(D). "Clear and convincing evidence" is that quantum of evidence that instills in the trier of fact a firm belief or conviction as to the allegations sought to be established. *Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118.

**{¶ 14}** The "best interest determination" focuses on the child, not the parent. *In re Awkal* (1994), 95 Ohio App.3d 309, 315, 642 N.E.2d 424. The discretion that the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. Id., at 316.

**{¶ 15}** In this case, the juvenile court determined, pursuant to R.C. 2151.414(B), that Y.V. had "been in the temporary custody of a public children services agency * * * for twelve or more months of a consecutive twenty-two month period." Appellant cannot dispute that this requirement was met.

**{¶ 16}** The juvenile court also was required to determine that permanent custody is in the best interest of the child. Pursuant to R.C. 2151.414(D), the relevant factors include the following: 1) the interaction and interrelationship of the child with others; 2) the wishes of the child; 3) the

custodial history of the child; 4) the child's need for a legally secure placement and whether such a placement can be achieved without permanent custody; and, 5) whether any of the factors in divisions (E)(7) to (11) apply.

{¶ 17} The juvenile court conducted an evidentiary hearing in this case, and considered the testimony and evidence presented. In determining whether a grant of permanent custody to the agency was in Y.V.'s best interest, the court considered the factors listed in R.C. 2151.414(D)(1) through (5).

{¶ 18} The juvenile court recognized that Y.V. had been in the agency's custody since November 2008, that no suitable relatives existed with whom Y.V. could be placed, and that the agency had made reasonable efforts to reunify the family. Appellant did not rebut testimony that indicated that, at the time of the hearing, he lived in a single room with his girlfriend, and that, while he occasionally worked in construction, he lacked permanent employment.

{¶ 19} Thus, even though appellant had completed a part of the case plan, he had obtained neither stable housing nor a verifiable stable income. Moreover, appellant had not established paternity of Y.V. and had not resolved his immigration status in this country, which, at that time, was as an illegal alien.

{¶ 20} In finding that granting permanent custody to the agency was in Y.V.'s best interest, the juvenile court thoroughly considered the evidence and testimony presented. Y.V.'s positive relationship with appellant was not, in itself, enough to demonstrate a contrary conclusion. This court previously has stated that, "the mere existence of a good relationship is insufficient. Overall, we are concerned with the best interest of the child, not the mere existence of a relationship." *In re K.M.*, Cuyahoga App. No. 95374, 2011-Ohio-349, ¶23, citing *In re R.N.*, Cuyahoga App. No. 83121, 2004-Ohio-2560.

{¶ 21} The juvenile court considered the social worker's testimony that the agency had placed Y.V. in a foster home "with her siblings and she ha[d] a very good relationship with the foster parents and her siblings," that Y.V. had "really bonded" with her current family, and that Y.V. seemed "happy and healthy" in her current placement. The social worker explained that Y.V.'s foster parents provided for all of her health and physical and speech therapy needs, and that they wished to adopt her as they had adopted her siblings. Based upon the testimony and the recommendation made by Y.V.'s guardian ad litem, the juvenile court found that permanent custody was in Y.V.'s best interest.

{¶ 22} Appellant questions the juvenile court's failure to consider a planned permanent living arrangement ("PPLA"). However, the record reflects the agency did not request this form of disposition. Neither did appellant raise this issue in the juvenile court.

{¶ 23} A "PPLA" is an order by which the juvenile court grants legal custody of a child to an agency without terminating parental rights. R.C. 2151.011(B)(37). Pursuant to R.C. 2151.353(A)(5), the juvenile court is not authorized to consider a PPLA unless the children services agency has requested such a disposition. *In re A.B.*, 110 Ohio St.3d 230, 2006-Ohio-4359, 852 N.E.2d 1187, ¶37. Therefore, without the agency's request for such a disposition, the juvenile court could not place Y.V. in a PPLA. Id., at the syllabus.

{¶ 24} The supreme court recognized that a "[PPLA] is to be considered as a last resort for the child," reflecting "the General Assembly's goal is to avoid allowing children to languish indefinitely in foster care." Id. at ¶36. This court also has recognized that "[a] child's best interests require permanency and a safe and secure environment." *In re Holyak* (July 12, 2001), Cuyahoga App. No. 78890.

{¶ 25} A review of the record shows clear and convincing evidence supports the juvenile court's determination that permanent custody is in the

best interest of Y.V. Therefore, the juvenile court did not err in granting permanent custody to the agency. *In re K.M.*, ¶25.

**{¶ 26}** Appellant's sole assignment of error, accordingly, is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, P.J., and
SEAN C. GALLAGHER, J., CONCUR