[Cite as *In re M.S.*, 2017-Ohio-6981.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105219**

# IN RE: M.S., ET AL.
# Minor Children

[Appeal by Mother, C.S.]

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD 11909571

**BEFORE:** Laster Mays, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** July 27, 2017

**ATTORNEY FOR APPELLANT**

Dale M. Hartman
2195 South Green Road
University Heights, Ohio 44121


**ATTORNEYS FOR APPELLEE**, **C.C.D.C.F.S.**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Rachel V. Eisenberg
Assistant Prosecuting Attorney
3955 Euclid Avenue
Cleveland, Ohio 44115

Cheryl Rice
Assistant Prosecuting Attorney
8111 Quincy Avenue, Room 440
Cleveland, Ohio 44104


**ATTORNEYS FOR THE CHILDREN**

Judith M. Kowalski
333 Babbitt Road, Suite 323
Euclid, Ohio 44123

Elba Gisella Martinez Heddesheimer
P.O. Box 360608
Strongsville, Ohio 44136


**GUARDIAN AD LITEM FOR THE CHILDREN**

Jonathan Z. Wilbur
13940 Cedar Road, Suite 246
Cleveland, Ohio 44118

**ATTORNEYS FOR F.S.**

Mark Witt
6209 Barton Road
North Olmsted, Ohio 44070

Barbara A. Langhenry
Director of Law

By:     Elena N. Lougovskaia
Assistant Director of Law
City of Cleveland - Law Department
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant C.S. ("appellant") appeals the trial court's award of permanent custody of her two children to the Cuyahoga County Department of Children and Family Services ("C.C.D.C.F.S."). As required by App.R. 11.1(D), this court has expedited the hearing and disposition of this appeal. We affirm the trial court's decision.

## I. Background and Facts

{¶2} Appellant's children M.S. (born in 2006) and J.S. (born in 2009) were removed from the custody of their parents, appellant and F.S. ("Father"), on May 25, 2011, via ex parte telephone hearing. On May 26, 2011, the children were committed to the temporary emergency custody of C.C.D.C.F.S. On July 25, 2011, the children were adjudicated neglected, as stipulated by the parents, who had a history of domestic violence, unstable housing, and suffered from alcohol and drug abuse.

{¶3} A case plan designed to reunite the children with their parents was approved. The parents were making progress toward completion of the case plan, and in August 2011, C.C.D.C.F.S. amended their motion to protective supervision and provided case plans for the parents.

{¶4} The children remained in protective supervision from August 2011 to March 2013. While the parents initially demonstrated progress with the case plans, issues ensued. Father was making some progress but appellant relapsed into drug and alcohol abuse. Father and the children resided in a shelter for several months, then began living

with appellant again. The parents engaged in marijuana and alcohol abuse, and domestic violence incidents, and M.S. missed 58 days of kindergarten.

**{¶5}** Protective supervision was terminated on March 13, 2013, and the children were committed to the temporary custody of C.C.D.C.F.S. On November 27, 2013, a motion to modify temporary custody to permanent custody was filed by C.C.D.C.F.S. Father was making a degree of progress, and both parents had a loving relationship with the children. A hearing was held on September 11, 2014. Case workers and the guardian ad litem ("GAL") expressed concerns regarding substance abuse and domestic violence and recommended the award of permanent custody to C.C.D.C.F.S. The trial court awarded permanent custody to C.C.D.C.F.S. on October 10, 2014.

**{¶6}** Father appealed in *In re M.S.*, 2015-Ohio-1847, 34 N.E.3d 420 (8th Dist.) ("*MS I*"),[1] and this court reversed and remanded the trial court's award. We observed that there were serious deficiencies in the report and investigation of the GAL, but concluded that an in-depth analysis was not required due to our finding that "the record lacks clear and convincing evidence that termination of appellant's parental rights and an award of permanent custody to C.C.D.C.F.S. is in the best interest" of the children. *Id*. at ¶ 47.

**{¶7}** The trial court on remand acknowledged that the case was reversed and remanded, but C.C.D.C.F.S. filed a second motion seeking permanent custody on August 5, 2015. The second motion recited a new domestic violence incident and appellant's

---

[1] Appellant did not appeal in *MS I*.

failure to comply with the case plan. On September 8, 2015, the trial court approved concurrent permanency plans for: (1) reunification, and (2) permanent custody and adoption. The trial court appointed a new GAL on September 29, 2015. A comprehensive case plan was issued for Father and appellant on October 1, 2015.

{¶8} On October 27, 2015, appellant filed a motion for legal custody pursuant to R.C. 2151.353(A)(3), amended on November 23, 2015. Father subsequently requested several trial continuances due to periodic hospitalizations and failing health. The GAL issued a report and recommendation on June 15, 2016. On July 18, 2016, Father's counsel notified the court of Father's passing. The two-day trial commenced on August 13, 2016 and concluded on August 31, 2016. C.C.D.C.F.S. was awarded permanent custody. Appellant filed the instant appeal.

## II. Law and Analysis

{¶9} Appellant's single assigned error is that the trial court's decision is against the manifest weight of the evidence. We do not find merit to this argument.

{¶10} The right to parent one's child is a fundamental basic civil right. *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, at ¶ 28, citing *Troxell v. Granville*, 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). *See also In re N.B.*, 8th Dist. Cuyahoga No. 101390, 2015-Ohio-314, ¶ 67, citing *In re Hayes*, 79 Ohio St.3d 46, 48, 679 N.E.2d 680 (1997). We seek to balance the need to provide the children with "a more stable life" against the finality of an award of permanent custody, which is equivalent to "the death penalty in a criminal case." *In re J.B.*, 8th Dist. Cuyahoga No.

98546, 2013-Ohio-1704, ¶ 66, quoting *In re Hoffman*, 97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, ¶ 14.

{¶11} In considering whether the trial court's decision is clearly and convincingly supported by the manifest weight of the evidence, we look at whether the record exhibits that "quantum of evidence that instills in the trier of fact a firm belief or conviction as to the allegations sought to be established." *In re Y.V.*, 8th Dist. Cuyahoga No. 96061, 2011-Ohio-2409, ¶ 13, citing *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954). To grant permanent custody to C.C.D.C.F.S. and terminate parental rights, the record must demonstrate by clear and convincing evidence: 1) the existence of one of the conditions set forth in R.C. 2151.414(B)(1)(a) through (d), and, 2) that permanent custody is in the best interest of the child.

## A. R.C. 2151.414(B) Factors

{¶12} A trial court looks for one of the following R.C. 2151.414(B) factors: (a) the child cannot be placed with either parent within a reasonable time or should not be placed with the parents though the child is not orphaned or abandoned; (b) the child is abandoned; (c) if orphaned, there are no relatives available to assume permanent custody; and (d) the child has been in the temporary custody of public or private child service or placement agencies for 12 or more months of a consecutive 22-month period. R.C. 2151.414(B)(1)(a)-(d).

{¶13} Though only one factor is required, the trial court adopted the GAL's recommendation, finding both that the children could not be placed with a parent within a

reasonable time (R.C. 2151.414(B)(1)(a)), and that the children have been in C.C.D.C.F.S. custody for 12 of 22 consecutive months (R.C. 2151.414(B)(1)(d)). M.S. and J.S. were in protective supervision from August 24, 2011, to March 13, 2013, and temporary custody through final disposition on October 27, 2016, after remand resulting in this appeal. Therefore, there is no dispute that the children have been in C.C.D.C.F.S. custody for three years, which completes step one of the analysis for R.C. 2151.414(B)(1)(d).

### B.    R.C. 2151.414(D)

**{¶14}** After a review of the best interest consideration, we find that the record supports the presence of R.C. 2151.414(D) factors.

**{¶15}** The court's best interest consideration includes:

> 1) the interaction and interrelationship of the child with others; 2) the wishes of the child; 3) the custodial history of the child; 4) the child's need for a legally secure placement and whether such a placement can be achieved without permanent custody; and, 5) whether any of the factors in divisions (E)(7) to (11) apply. "Clear and convincing evidence" is that quantum of evidence that instills in the trier of fact a firm belief or conviction as to the allegations sought to be established. *In re Y.V.*, 8th Dist. No. 96061, 2011-Ohio-2409, ¶ 13, citing *Cross*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

*In re S.H.,* 8th Dist. Cuyahoga Nos. 97992, 97993, and 97994, 2012-Ohio-4064, ¶ 28, citing R.C. 2151.414(D).

**{¶16}**   The trial court's focus is on the child and not the parent. *Id*. at ¶ 29, citing *In re Awkal*, 95 Ohio App.3d 309, 315, 642 N.E.2d 424 (8th Dist.1994). In determining best interest, we give the trial court's determination the "utmost respect, given the nature

of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re S.H.* at ¶ 29, citing *In re Awkal* at 316.

{¶17} The children were initially removed from the parent's home in 2011. At that time, appellant and Father stipulated to the lack of stable housing, domestic violence occurrences, and substance abuse issues. Prior to this court's reversal in *MS I*, appellant failed to complete her case plan. Appellant also terminated her employment and was held in contempt for failure to complete substance abuse and alcohol treatment, maintain sobriety, and to complete a domestic violence program.

{¶18} The children witnessed several incidents of domestic violence between the parents and were present when appellant was arrested during one of the incidents. M.S. observed appellant's removal by emergency personnel as the result of an attempted suicide while the children were at the home in 2013. Though the children had a loving, bonded relationship with their parents, there were concerns about the parents ability to support and house the children, the unresolved issues with substance abuse, and serious concerns regarding the children's exposure to domestic violence. Permanent custody was awarded to C.C.D.C.F.S.

{¶19} Post-remand by this court, a no-contact order was imposed on the parents as a result of the most recent domestic violence encounter that, coupled with Father's already failing health, reduced the opportunities for altercations. According to the GAL report, appellant completed a parenting program. Appellant had secured stable, clean housing with working utilities free of safety hazards and sufficient food. The bedrooms

were reportedly furnished  though the children never resided with her.  The other living areas were furnished with broken chairs and crates. Appellant was not employed and had not saved money to support the children during their three-year absence.

{¶20}  Appellant suffers from seizures and asthma.  Appellant has also been diagnosed with bipolarity, depression, and post traumatic stress syndrome resulting in several psychiatric hospitalizations.  Appellant did not complete mental health services requirements.

{¶21}  The record demonstrates a lack of decision-making skills by appellant and an inability to overcome mental health and substance abuse issues.  Appellant was repeatedly referred to substance abuse facilities and, as of the date of the trial, had failed to complete any of the programs. Appellant also failed to comply with six of the eight requested random drug tests.

{¶22} According to the April 30, 2016 report by the court's diagnostic clinic, "[Appellant's] lack of transparency and attempts to paint herself in a favorable light, despite evidence to the contrary, is consistent with past behaviors."  Appellant misrepresented her efforts and sobriety and that she no longer had mental health issues because she had been "awakened."  The treating physician concluded that three obstacles prevent appellant from effective parenting:  history of "fairly heavy" substance abuse; untreated mental health issues; and current seizure episodes and hospitalizations.

{¶23}  The children have exhibited behavioral issues as a result of their tumultuous lives, and have been in therapy since November 2014.  M.S. has exhibited

inappropriate sexual behaviors and has been diagnosed with ADHD. J.S. has been diagnosed with adjustment and conduct disorders. Teachers report that the children exhibit negative behaviors after visiting with appellant.

{¶24} The GAL reported that the children expressed an interest in living with appellant.[2] Counsel was appointed to represent the children in light of the conflict with the GAL's recommendation against custody by appellant to ensure that the children's voices were heard.

{¶25} The foster mother, a "strict caregiver," is ambivalent about adopting the children but may consider it if there are no other options. The children call her "Grandma," and she is the children's second custodial selection. Teachers report that the foster mother attends parent-teacher meetings and appears to be concerned and caring.

{¶26} The children no longer qualify for temporary custody because they have exceeded the two-year period provided by R.C. 2151.415(B). Several interested parties who knew appellant but had little to no contact with the children were vetted and disqualified. In addition, a planned permanent living arrangement for placement with a public child services or private child placement agency is not an option. R.C. 2151.353(A)(5)

{¶27} We find that the record contains clear and convincing evidence supporting the trial court's grant of permanent custody to C.C.D.C.F.S. We agree with the trial

---

[2] Prior to remand, the children desired to live with Father but due to his illness, they had not seen him consistently for almost a year prior to his death.

court's determination that, in spite of the efforts of C.C.D.C.F.S. to resolve the problems that caused the removal of the children from the home, appellant has "failed continuously and repeatedly to substantially remedy the conditions."

**{¶28}** Appellant's single assignment of error is overruled.

**{¶29}** The juvenile court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR