[Cite as *In re M.A.*, 2021-Ohio-948.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE M.A., ET AL. | : | |
| | : | Nos. 109906 and 109907 |
| Minor Children | : | |
| | : | |
| [Appeal by T.G., Sr., Father] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 25, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD-19907310 and AD-19907311

***Appearances:***

Michael Drain, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Joseph C. Young, Assistant Prosecuting
Attorney, for *appellee.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} In this consolidated appeal, appellant, T.G., Sr., appeals the juvenile court's decision terminating his parental rights regarding his minor children M.A. and T.G. As we find that the trial court's decision to terminate parental rights was based on sufficient evidence, the judgment of the juvenile court is affirmed.

## I.    PROCEDURAL HISTORY AND FACTS

{¶ 2} T.G., Sr., has two children with R.G.:  M.A. and T.G.  In June 2018, the appellee Cuyahoga County Division of Children and Family Services ("CCDCFS") took custody of R.G.'s six children.  As to this appeal, CCDCFS refiled a complaint in June 2019.  The complaint included allegations of domestic violence, criminal activity, and substance abuse by T.G., Sr.  On June 11, 2019, the juvenile court ordered temporary custody of the minors M.A. and T.G. to CCDCFS.  On October 22, 2019, after a dispositional hearing, the juvenile court found the minor children to be dependent and that the allegations of the complaint were proven by clear and convincing evidence.

{¶ 3} On March 3, 2020, the juvenile court held a hearing on permanent custody.  Neither T.G., Sr., or R.G. appeared for the hearing.  The juvenile court noted that there was an arrest warrant for T.G., Sr.  Prior to the hearing, the court adopted the testimony and findings of the October 2019 proceeding without objection. Testifying at the hearing were CCDCFS social worker Carley Robertson and the court-appointed guardian ad litem ("GAL"), Pamela Hawkins.

{¶ 4} Carley Robertson testified as to the history of the case, the reunification plan, and to both T.G., Sr.'s participation in visitation and completion of the plan. She stated that T.G., Sr., had minimal involvement in the plan.  She outlined that as part of the plan, T.G., Sr., was referred to a drug treatment plan and a domestic violence plan. He did not provide any documentation regarding participation or completion of the plans, telling Robertson only that he completed probation and

provided a generic certificate of completion. After September 2019, Robertson was unable to contact T.G., Sr., and he made no effort to contact her. As to visitation, Robertson testified that T.G., Sr.'s visitation with the children was suspended in August 2019, for inappropriate behavior, specifically chaotic behavior, to include calling the children names and play fighting. Robertson noted that as to the current foster placement of M.A. and T.G., they were adjusting well and their specific needs were being met. They were placed in different homes, but were able to socialize. Robertson testified that she investigated two potential relatives of T.G., Sr., for placement of the children, but they were not suitable.

{¶ 5} GAL Hawkins submitted a report to the court and testified. Her report provided the court with a detailed family history, recorded T.G., Sr.'s failure to address the issues leading to removal of the children, and recommended permanent custody be granted to CCDCFS. Her recommendation was supported in part by T.G., Sr.'s failure to engage in the services he was referred to or to address the issues that led to the intervention of CCDCFS. She told the court that M.A. voiced her unwillingness to be placed with her parents. GAL Hawkins testified that the parents displayed a lack of commitment to correct the problems that led to removal. She recommended that the juvenile court grant CCDCFS permanent custody.

{¶ 6} At the conclusion of the hearings, the juvenile court terminated T.G., Sr.'s parental rights, placed M.A. and T.G. in the permanent custody of CCDCFS, and specifically found that the children "cannot be placed with the mother or the father within a reasonable time or should not be placed with the mother or father."

Further, the juvenile court determined that the grant of permanent custody was in the best interest of the children.

## II.    LAW AND ARGUMENT

{¶ 7} Appellant raises one assignment of error, which reads, "There was not a sufficiency of the evidence for the trial court to find that an order of permanent custody was called for." In this case, the trial court granted permanent custody to CCDCFS. In order for a court to grant permanent custody, the court must find by clear and convincing evidence that "(1) one of the factors enumerated in R.C. 2151.414(B)(1)(a)-(d) applies, and (2) an award of permanent custody is in the best interest of the child." *In re J.J.*, 8th Dist. Cuyahoga No. 108564, 2019-Ohio-4984, ¶ 29. "These findings must be supported by clear and convincing evidence. 'Clear and convincing evidence' is that quantum of evidence that instills in the trier of fact a firm belief or conviction as to the allegations sought to be established." *In re T.S.,* 8th Dist. Cuyahoga No. 109957, 2021-Ohio-214, ¶ 23, quoting *In re Y.V.,* 8th Dist. Cuyahoga No. 96061, 2011-Ohio-2409, ¶ 13. If the grant of permanent custody is supported by clear and convincing evidence, we will not reverse that judgment. *In re J.J.,* 2019-Ohio-4984, ¶ 30.

{¶ 8} The juvenile court granted permanent custody in this case where it found such custody was in in the best interests of the children, that the children cannot be placed with either of the children's parents within a reasonable time or should not be placed with the children's parents, and the children had been in temporary custody for 12 or more months in a 22-month period. The record in this

case reflects that the children had been in the custody of CCDCFS for over 12 months.

{¶ 9} The juvenile court made a finding under R.C. 2151.414(E)(1) in determining that the children could not be placed with the mother or father. Evidence in the GAL report and the testimony from Ms. Robertson demonstrated that neither appellant nor the children's mother failed to address nor remedy the conditions that led to the CCDCFS involvement. Ms. Robertson's testimony also indicated problems with appellant's visitation, his lack of completing case services, as well as his lack of communication with CCDCFS. Additionally, appellant failed to appear at hearings.

{¶ 10} The trial court further found under R.C. 2151.414(E)(4) that appellant demonstrated a lack of commitment where he failed to regularly visit, support, or communicate with his children and showed an unwillingness to provide an adequate permanent home. This finding is supported by the testimony that appellant had not visited with his children since August 2019, that he failed to engage in the reunification plan, his lack of contact with CCDCFS since September 2019, and his failure to appear at the hearing. The trial court also made an explicit finding under R.C. 2151.414(E)(10) that the children were abandoned by each of their parents. The evidence supported this finding where R.C. 2151.011(C) provides that "a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days." Testimony

supported this finding where appellant had not visited the children from August 2019 to March 2020.

{¶ 11} In making the finding that permanent custody is in the best interests of the children in this case, the juvenile court was required to consider all relevant factors, to include those listed in R.C. 2151.414(D), which provides that:

D) (1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

> For the purposes of division (D)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home.

{¶ 12} There was evidence at the hearing under R.C. 2151.414(D)(1)(a), that the children had not seen their parents for months, that visits were chaotic, and that the children were doing well in their current placements. Under R.C. 2151.414(D)(1)(b), the GAL testified that M.A. was opposed to having contact with her family and further indicated in her report that the child had also made this sentiment known to her CCDCFS worker, therapist, and foster parents. Under R.C. 2151.414(D)(1)(c), the record indicates that the children had been in CCDCFS custody from June 2018, a period of more than 12 months in the 22 months prior to the hearing. Under R.C. 2151.414(D)(1)(d), the court determined that the children could not be placed with the parents within a reasonable amount of time and further, testimony at the hearing provided no relatives had been found suitable for placement. Under R.C. 2151.414(D)(1)(e), the juvenile court specifically made a finding of abandonment under R.C. 2151.414(E)(10). Accordingly, we find that competent, credible evidence supported the juvenile court's findings in this case. *See In re J.J.*, 2019-Ohio-4984, ¶ 30. As such, we will not reverse the judgment of the juvenile court and overrule appellant's sole assignment of error.

## III. CONCLUSION

{¶ 13} The juvenile court awarded permanent custody of M.A. and T.G. to CCDCFS. That judgment was supported by competent, credible evidence. Accordingly, the judgment of the juvenile court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR

KEYWORDS – 109906/109907 – *In re M.A.*

R.C. 2151.414(B), permanent custody, sufficiency of evidence.

The trial court's grant of permanent custody of appellant's minor children to the Cuyahoga County Division of Children and Family Services ("CCDCFS) was proper where the court found that the children had been in the custody of CCDCFS for 12 months in a 22-month period, the grant of permanent custody was in the best interests of the children, and the children could not be placed with appellant or their mother within a reasonable time. These findings were properly based on competent, credible evidence that the parents had not completed any of the reunification plans or services.