[Cite as *In re A.B.*, 2013-Ohio-3818.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   99836

# IN RE: A.B.
# A Minor Child

[Appeal by Father]

## JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD 10918218

**BEFORE:**  E.A. Gallagher, J., S. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**    September 5, 2013

**ATTORNEYS FOR APPELLANT**, **FATHER, A.B.**

Dale M. Hartman
2195 South Green Road
University Heights, OH   44121

George Coghill
10211 Lakeshore Blvd.
Cleveland, OH   44108

**FOR APPELLEES**

Amy L. Carson
Cuyahoga County Department
of Children and Family Services
Assistant County Prosecutor
8111 Quincy Avenue
Cleveland, OH   44104

**For Mother, T.B.**

Suzanne Piccorelli
255 Falmouth Drive
Rocky River, OH   44116

**Guardian Ad Litem**

Daniel Bartos
20220 Center Ridge Road
Suite 320
Rocky River, OH   44116

EILEEN A. GALLAGHER, J.:

{¶1} Appellant-father appeals from the Cuyahoga County Juvenile Division Court's decision granting permanent custody of his daughter to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). As required by App.R. 11.1(D), this court has expedited the hearing and disposition of this appeal. For the following reasons, we affirm.

{¶2} CCDCFS filed a complaint for neglect and temporary custody with respect to appellant's daughter, A.B.[1] on September 29, 2010. The complaint alleged that A.B. was neglected pursuant to R.C. 2151.03(A)(2) and that appellant had a history of mental health and substance abuse issues that prevented him from providing for A.B.'s basic needs. The complaint further alleged that A.B.'s mother had been convicted of aggravated robbery, had been incarcerated since April 2009 and was not due to be released until August, 2013. A.B. was removed from appellant's home pursuant to an ex parte telephone order on September 29, 2010.

{¶3} On January 25, 2011, the complaint was amended and appellant admitted to the amended allegations. The complaint was changed from neglect to dependency, the allegations of appellant's history of mental health and substance abuse issues were deleted and they were replaced with statements that appellant needed to undergo mental health and substance abuse assessments. A.B. was adjudged to be a dependant child and

---

[1] D.O.B. September 4, 2006.

committed to the temporary custody of CCDCFS at that time.

{¶4} CCDCFS's temporary custody of A.B. was extended twice during 2011 to allow appellant the opportunity to progress on a case plan with the goal of reunification. On June 27, 2012, CCDCFS filed a motion to modify temporary custody to permanent custody. On August 17, 2012, appellant filed a motion to terminate temporary custody and grant legal custody in favor of himself or, alternatively, his fiancée.

{¶5} The trial court held a hearing on the matter on February 13, 2013. On March 27, 2013 the trial court issued a journal entry granting CCDCFS's motion for permanent custody. Appellant appeals from this order assigning the following sole assignment of error:

> The trial court erred in granting permanent custody since (1) none of the circumstances set forth in R.C. 2151.414(E) were proven by clear and convincing evidence and (2) the judgment is against the manifest weight of the evidence.

{¶6} Appellant's argument regarding R.C. 2151.414(E) is misplaced under the present circumstances. In order to terminate parental rights and grant permanent custody to a county agency, the record must demonstrate, by clear and convincing evidence, the following: (1) the existence of any one of the conditions set forth in R.C. 2151.414(B)(1)(a) through (d), and (2) permanent custody is in the best interest of the child. The court must consider the five factors set forth in R.C. 2151.414(D) in making the latter determination.

{¶7} The record reflects that R.C. 2151.414(B)(1)(d) is satisfied because at the

time of the trial court's hearing, A.B. had been in the temporary custody of CCDCFS for 12 or more months of a consecutive twenty-two-month period. In fact, at the time of the hearing, over two years had passed since appellant admitted to the allegations of the amended complaint and the initial grant of temporary custody.

{¶8} R.C. 2151.414(E) provides a list of conditions, at least one of which a trial court must find satisfied by clear and convincing evidence, in order to determine that a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents in accordance with R.C. 2151.414(B)(1)(a). Because R.C. 2151.414(B)(1)(d) was plainly satisfied, R.C. 2151.414(B)(1)(a) was inapplicable and the trial court's findings under that provision were unnecessary.[2] *In re J.B.*, 8th Dist. Cuyahoga Nos. 98518 and 98519, 2013-Ohio-1703, ¶ 26, citing *In re C.W.*, 104 Ohio St.3d 163, 2004-Ohio-6411, 818 N.E.2d 1176, ¶ 21.

{¶9} As the condition set forth in R.C. 2151.414(B)(1)(d) was established, the remaining question before the court is whether the record possessed clear and convincing evidence that it was in the best interest of the child to be placed in the permanent custody of CCDCFS. We review a trial court's determination of a child's best interest under R.C. 2151.414(D) for an abuse of discretion. *In re: D.A.*, 8th Dist. Cuyahoga No. 95188, 2010-Ohio-5618, ¶ 47.

---

[2] The trial court's additional finding that A.B. was abandoned pursuant to R.C. 2151.414(B)(1)(b), although not addressed by appellant, was equally unnecessary in light of the fact that R.C. 2151.414(B)(1)(d) was plainly satisfied.

{¶10} Appellant claims that the trial court's decision is against the manifest weight of the evidence. In applying the manifest weight standard of review, our role is to determine whether there is relevant, competent and credible evidence upon which a fact finder could base its judgment. *In Re: B.M.*, 8th Dist. Cuyahoga No. 96214, 2011-Ohio-5176, ¶ 32. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *Id.*, citing *In re P.R.*, 8th Dist. Cuyahoga No. 76909, 2002-Ohio-2029.

{¶11} R.C. 2151.414(D)(1) provides as follows:

(D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section * * * the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public-children-services agencies or private-child-placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public-children-services agencies or private-child-placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

**{¶12}** Shamelle Middleton, the CCDCFS social worker assigned to this case, was the sole witness to testify at the permanent custody hearing. She stated that CCDCFS initially received a referral into the kids hotline that appellant was not in a position to provide care for A.B. CCDCFS began an investigation and Middleton testified that appellant reported that he had a bipolar mental health diagnosis. CCDCFS implemented a safety plan that placed A.B. in the care of an aunt. Two weeks later appellant was arrested and the aunt refused to provide further care for A.B. At that point CCDCFS filed a complaint and obtained a temporary order of removal.

**{¶13}** The goal of the permanency plan was reunification of A.B. with appellant.[3] The case plan provided for appellant to undergo substance abuse and mental health assessments. Middleton testified that appellant was initially not cooperative with the case plan and blamed her for the removal of A.B.

**{¶14}** Appellant did eventually complete both mental health and substance abuse assessments. Appellant was not diagnosed with a psychiatric condition but the mental health assessment recommended that he maintain a year of sobriety. The substance abuse assessment recommended that he complete outpatient treatment. Appellant

---

[3]A.B.'s mother remained incarcerated during the pendency of the case and at the time of the permanent custody hearing she was not scheduled to be released until August 2013. Additionally, two of the mother's other daughters had been previously removed and were in the permanent custody of CCDCFS.

successfully completed outpatient treatment but twice tested positive for marijuana after his discharge. Following appellant's positive drug tests, CCDCFS requested that he re-engage in treatment but he refused to do so. Appellant has further refused to submit to further drug tests requested by CCDCFS.

{¶15} In addition to appellant's inability to maintain sobriety, the record reflects that he failed to visit A.B. from March 2012 to December 2012. Middleton testified that he cancelled and failed to appear for visits in March 2012. Appellant requested in April that visits take place in his own home but that request was denied when he failed a drug test. Appellant did not visit with A.B. again until January 2013. Middleton testified that she encouraged appellant to re-engage in November 2012 and he indicated at that time that he would prefer that A.B. be cared for by his own mother or another relative.

{¶16} Finally, A.B.'s guardian ad litem ("G.A.L.") submitted a report echoing Middleton's concerns regarding appellant's disengagement with the case. The G.A.L. recommended permanent custody in favor of CCDCFS. Middleton also testified that a potential adoptive placement had been identified for A.B.

{¶17} The above record contains clear and convincing evidence reflecting negatively on appellant in regard to many of the R.C. 2151.414(D)(1) factors. Although a trial court is required to consider each of the R.C. 2151.414(D)(1) factors in making its permanent custody determination, this court has noted that "[o]nly one of these factors needs to be resolved in favor of the award of permanent custody." *In re N.P.*, 8th Dist. Cuyahoga Nos. 97846, 97847, 97848, 97849, 97850, 97851, 97852, 97853, 97854 and

97855, 2012-Ohio-4298, ¶ 20, quoting *In re Moore*, 8th Dist. Cuyahoga No. 76942, 2000 Ohio App. LEXIS 3958 (Aug. 31, 2000). On these facts we cannot say that the trial court abused its discretion in finding that permanent custody was in the best interests of A.B.

{¶18} Appellant's sole assignment of error is overruled.

{¶19} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR