[Cite as *In re C.B.*, 2022-Ohio-3136.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

IN RE C.B.                                     :

A Minor Child                                 :                    No. 111456

                                              :

[Appeal by Mother, R.C.]              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** September 8, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD-21908420

---

### *Appearances:*

Cullen Sweeney, Cuyahoga County Public Defender, and
Britta Barthol, Assistant Public Defender, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Joseph C. Young, Assistant Prosecuting
Attorney, *for appellee.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Appellant R.C. ("Mother") appeals the trial court's termination of her

parental rights and the award of permanent custody of her son C.B. (d.o.b.

09/21/21) to the Cuyahoga County Department of Children and Family Services ("CCDCFS" or "agency").  We affirm the judgment of the trial court.

## I.    Facts and Procedural History

{¶ 2}    On September 24, 2021, CCDCFS filed a motion for emergency predispositional custody and a complaint for permanent custody to the agency in the juvenile court alleging that then three-day-old C.B. was a dependent under R.C. 2151.04(D).[1]  Mother attended the same-day hearing with appointed counsel via video teleconference.

{¶ 3}    Social Worker Lisa Gordon ("Gordon") testified about Mother's extensive history with the agency since 2014 involving five older children who were no longer in Mother's custody.  Mother has struggled with unstable housing, unresolved mental health and substance abuse issues, and criminal charges that included domestic violence, kidnapping, and endangering children.  Mother also consumed alcohol during the pregnancy with C.B.  Father C.B., Sr. ("Father"),[2] who acknowledged paternity by affidavit, also had substance abuse, domestic violence, and mental health concerns.  Mother's sister advised the agency that she would take the infant, but Mother resided with the sister which would have to stop; Mother would have unfettered access to C.B. and further vetting would be required.

---

[1] A dependent child is one who resides in a household where a parent committed an act that was the basis for an adjudication that the child's sibling has been declared abused, neglected, or dependent.  Also, because of the circumstances surrounding the abuse, neglect, or dependency of the sibling, the child is in similar danger. R.C. 2151.04(D)(1)-(2).

[2] Father has not appealed.

{¶ 4} There were no other custodial options. Predispositional temporary custody was granted.

{¶ 5} Mother appeared at the October 20, 2021 arraignment with newly appointed counsel. Counsel advised that Mother agreed to waive service of the complaint, but Mother refused, and the hearing was rescheduled. At the December 13, 2021 hearing, a guardian ad litem was appointed for Mother. The trial court also admonished Mother to establish a good relationship with appointed counsel or to retain counsel. Trial was continued to February 14, 2022.

{¶ 6} The adjudication and dispositional hearings were held on February 14, 2022. Father appeared with counsel. Mother failed to appear for the proceedings but was represented by counsel and the guardian ad litem. Mother's counsel requested a continuance at the adjudication hearing and advised the court that he had not had contact with Mother, Mother's phone was disconnected when he last attempted to contact her, and Mother had not attempted to contact counsel. The request was denied and testimony proceeded.

{¶ 7} Except for the agency, the parties waived opening statements. Sole witness social worker Elaine Jackson ("Jackson"), successor to Gordon on the case, testified based on a review of the file and personal history.[3] Jackson's testimony echoed that of Gordon's regarding Mother's record with the agency and ongoing

---

[3] Social worker Gordon was to appear by video but was unable to testify due to technical difficulties.

issues. Four of the removed children were placed with the maternal grandmother and the fifth was permanently placed with the agency in September 2021.

{¶ 8} Mother's prior and current case plans required that Mother address the domestic violence, mental health, and substance abuse issues but her participation over the years has been inconsistent. Mother was also on probation as the result of an October 2021 conviction for domestic violence and endangering children. Mother's contact with the agency over the years and visitation with C.B. had also been inconsistent. The agency did not consider that reunification would be possible within a year.

{¶ 9} Father's contact with the agency was also sporadic, and Father has refused visitation with C.B. The agency's concerns with Father involved the domestic violence incident with Mother that contributed to the award of permanent custody for the child born prior to C.B. Father also failed to complete case plan objectives.

{¶ 10} During cross-examination by the child's GAL, the social worker confirmed that Mother's mental health diagnosis was for post-traumatic stress disorder, depression, and anxiety. However, the social worker was not personally familiar with Mother's alcohol use during her pregnancy with C.B.

{¶ 11} There was no other cross-examination conducted or evidence presented. The agency presented a final argument, and the trial court determined that C.B. was dependent based on clear and convincing evidence.

{¶ 12} The trial court inquired whether the parties desired to move forward with the dispositional hearing. Defense counsel did not request a continuance, and the parties agreed to proceed and to accept the evidence presented at the adjudicatory hearing for that purpose. The child's guardian ad litem testified that he also served as the guardian ad litem for Mother's other children and there were no relatives available to care for C.B. He recommended that, due to Mother's long history of being unable to care for her children and resolve her substance abuse, mental health, housing, and domestic violence concerns, permanent custody should be awarded to the agency.

{¶ 13} After receiving proposed findings of fact and conclusions of law from the parties, on March 4, 2022, the trial court awarded permanent custody to the agency. Mother presents three assignments of error on appeal:

I.   The trial court abused its discretion when it denied trial counsel's request for a continuance of the adjudicatory hearing held on February 14, 2022.

II.  Mother received ineffective assistance of counsel in violation of her right to due process guaranteed to her by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section of the Ohio Constitution when trial counsel failed to subject the state's case to meaningful adversarial testing.

III. The trial court erred when it awarded permanent custody to CCDCFS as the decision is not supported by clear and convincing evidence.

## II. Discussion

{¶ 14} We recognize that "a parent's right to raise a child is an essential and basic civil right." *In re Hayes*, 79 Ohio St.3d 46, 48, 679 N.E.2d 680 (1997). And

the permanent termination of parental rights has been described as "the family law equivalent of the death penalty in a criminal case." *In re Hoffman*, 97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, ¶ 14. Also, "termination of the rights of a birth parent is an alternative of last resort." *In re Gill*, 8th Dist. Cuyahoga No. 79640, 2002-Ohio-3242, ¶ 21, quoting *In re Wise*, 96 Ohio App.3d 619, 624, 645 N.E.2d 812 (9th Dist.1994), citing *In re Cunningham*, 59 Ohio St.2d 100, 105, 391 N.E.2d 1034 (1979).

## A. Denial of continuance

{¶ 15} A biological parent has a constitutionally protected right to be present at a permanent custody hearing. *In re A.W.*, 8th Dist. Cuyahoga No. 109239, 2020-Ohio-3373, ¶25. The decision to grant or deny a motion for a continuance rest within the sound discretion of the trial court. *State v. Froman*, 162 Ohio St.3d 435, 2020-Ohio-4523, 165 N.E.3d 1198, ¶ 91, citing *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981), syllabus. "The same broad discretion is afforded to the trial court regarding a permanent custody hearing." *In re A.W.* at ¶ 25. A court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16} While "'there are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *In re D.T.*, 8th Dist. Cuyahoga No. 108407, 2019-Ohio-4895, ¶ 16, quoting *Unger* at 423.

**{¶ 17}** Factors to consider include

[t]he length of the delay requested; whether other continuances have been requested and received, the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Unger* at 65, 67-68.

**{¶ 18}** Juv.R. 23 provides that "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties." Loc.R. 35(C) of the Cuyahoga County Court of Common Pleas, Juvenile Division, further provides:

No case will be continued on the day of trial or hearing except for good cause shown, which cause was not known to the party or counsel prior to the date of trial or hearing, and provided that the party and/or counsel have used diligence to be ready for trial and have notified or made diligent efforts to notify the opposing party or counsel as soon as he/she became aware of the necessity to request a postponement. This rule may not be waived by consent of counsel.

**{¶ 19}** It is true that "'[a]ll things being equal, the testimony from a parent would provide more information than not having the parent.'" *In re A.W.*, 8th Dist. Cuyahoga No. 109239, 2020-Ohio-3373, ¶ 29, quoting *In the Matter of Vandale*, 4th Dist. Washington No. 92 CA 9, 1992 Ohio App. LEXIS 4306, 5 (Aug. 12, 1992). Also, due to the gravity of a parental rights termination, courts have required that "great care be taken to ensure that due process is afforded parents" particularly where a parent communicates with counsel or the court to explain a problem attending the hearing. *Id.*, quoting *In the Matter of Rachal*, 6th Dist. Lucas No. L-02-1306, 2003-Ohio-1041, ¶ 12.

{¶ 20} Nonetheless, "even 'a parent facing termination of parental rights must exhibit cooperation and must communicate with counsel and with the court in order to have standing to argue that due process was not followed in a termination proceeding.'" *In re D.T.*, 8th Dist. Cuyahoga No. 108407, 2019-Ohio-4895, ¶ 18, quoting *In re Q.G.*, 170 Ohio App.3d 609, 2007-Ohio-1312, 868 N.E.2d 713, ¶ 12 (8th Dist.).

{¶ 21} The February 14, 2022 hearing was scheduled for 10:30 a.m. The adjudicatory hearing started on the record with preliminary matters at 11:16 a.m. and testimony began at approximately 11:28 a.m.[4] However, before testimony started, counsel realized that Mother was not going to attend and posed a request for continuance. The record reflects that Mother not only failed to appear, but had also failed to appear for a prior hearing. Mother did not appear at the November 18, 2021 hearing that had been continued from a prior date at Mother's request.

{¶ 22} Mother attended the December 13, 2021 trial date where Mother was advised to cooperate with counsel and the trial was continued to February 14, 2021. Mother's counsel explained to the trial court that Mother had not contacted him and had failed to provide him with up-to-date contact information. In addition, the social worker testified that Mother's contact with the agency was sporadic, and that updated contact information was sometimes required.

---

[4] The trial court stated on the record as the hearing commenced with the direct examination of the social worker, "it is 11:28 a.m. and we are just getting started." (Tr. 10.)

**{¶ 23}** It is true that counsel did not request a continuance prior to moving forward with the dispositional hearing. However, Mother has not shown that she was prejudiced by the denial of the motion for continuance or counsel's failure to request a continuance prior to the dispositional hearing. Mother has failed to demonstrate that she has been cooperative and consistently communicative with counsel or the agency. C.B. has been in the custody of the agency since birth and visitation has been sporadic. Coupled with the other unfortunate facts underlying the grant of custody in this case, we disagree with Mother's contention that the *Unger* factors in support of granting continuances in this case weigh in Mother's favor. Thus, this court does not find that the trial court abused its discretion or that Mother's due process rights have been violated.

**{¶ 24}** The first assignment of error lacks merit.

### B. Ineffective assistance of counsel

**{¶ 25}** Mother argues that counsel was ineffective because he failed to file pleadings, did not challenge the state's exhibits at the adjudicatory hearing, failed to make an opening or closing statement at the adjudicatory or dispositional hearing, failed to cross-examine the state's sole witness, failed to call witnesses, and failed to request a continuance for the dispositional hearing.

**{¶ 26}** "An indigent parent is entitled to the effective assistance of appointed counsel when the state seeks to terminate her parental rights." *In re A.C.*, 8th Dist. Cuyahoga No. 99057, 2013-Ohio-1802, ¶ 45, citing *In re L.C.*, 8th Dist. Cuyahoga No. 111053, 2022-Ohio-1592, ¶ 55. "[T]he test for ineffective assistance of counsel

used in criminal cases is equally applicable in actions seeking to force the permanent, involuntary termination of parental custody." *In re Heston*, 129 Ohio App.3d 825, 827, 719 N.E.2d 93 (1st Dist.1998), citing *Jones v. Lucas Cty. Children Servs. Bd.*, 46 Ohio App.3d 85, 546 N.E.2d 471 (6th Dist.1988).

{¶ 27} A strong presumption exists that counsel's "conduct falls within the wide range of effective assistance, and to show deficiency" Mother "must demonstrate that counsel's representation fell below an objective standard of reasonableness." *In re S.P.*, 8th Dist. Cuyahoga No. 110194, 2021-Ohio-1822, ¶ 21, quoting *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). "'Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel.'" *Id.*, quoting *State v. Mitchell*, 2d Dist. Montgomery No. 21957, 2008-Ohio-493, ¶ 31.

{¶ 28} Thus, Mother must demonstrate that counsel's performance was so deficient that she was prejudiced and denied a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In other words, Mother must show that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *State v. Dues*, 2014-Ohio-5276, 24 N.E.3d 751, ¶ 55 (8th Dist.), citing *Strickland* at 671.

{¶ 29} Defense counsel's determinations regarding making objections to testimony and cross-examining witnesses are tactical decisions that are within the

discretion of trial counsel. *State v. Frierson*, 2018-Ohio-391, 105 N.E.3d 583, ¶ 25 (8th Dist.), citing *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 140. "Counsel's decision on whether to give an opening statement or closing argument and how to formulate and deliver them are tactical decisions." *State v. Guysinger*, 4th Dist. Ross No. 15CA3514, 2017-Ohio-1167, ¶ 34, citing *Bradley*, 42 Ohio St.3d 136, 144, 538 N.E.2d 373 (1989).

{¶ 30} The record reveals the consistent history of Mother's struggles to care for prior children and that sadly Mother has never been able to care for C.B. Mother has been involved with the agency since 2014 and has not completed current or prior case plan requirements, has not been able to provide suitable housing, and has been unable to resolve her mental health, substance abuse, and domestic relations issues.

{¶ 31} Unfortunately, the substantiating evidence on these matters is well-documented in the record. The "'[f]ailure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial.'" *State v. Ford*, 8th Dist. Cuyahoga Nos. 88946 and 88947, 2007-Ohio-5722, ¶ 10, quoting *State v. Henderson*, 8th Dist. Cuyahoga No. 88185, 2007-Ohio-2372, ¶ 42.

{¶ 32} The record reflects that counsel attended hearings, participated in discovery, requested a continuance of the proceedings, and submitted proposed findings of fact and conclusions of law. The strong presumption that counsel was effective has not been overcome, and Mother has not demonstrated how the outcome of the case would have been different.

{¶ 33} Based on the circumstances of this case, we cannot say that counsel was ineffective. The second assigned error is overruled.

### C. Custody Award

{¶ 34} Mother's third and final challenge is that the trial court's findings that C.B. could not be placed with Mother within a reasonable time and that the permanent custody award is in C.B.'s best interest is not based on clear and convincing evidence. "'Clear and convincing evidence' is that quantum of evidence that instills in the trier of fact a firm belief or conviction as to the allegations sought to be established." *In re Y.V.*, 8th Dist. Cuyahoga No. 96061, 2011-Ohio-2409, ¶ 13, citing *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

{¶ 35} There are two ways an agency may obtain permanent custody. *In re J.F.*, 2018-Ohio-96, 102 N.E.3d 1264, ¶ 44 (8th Dist.), citing *In re E.P.*, 12th Dist. Fayette Nos. CA2009-11-022 and CA2009-11-023, 2010-Ohio-2761, ¶ 22. "An agency may first obtain temporary custody of the child and then file a motion for permanent custody under R.C. 2151.413." *Id.* "Or, an agency may request permanent custody as part of its original abuse, neglect, or dependency complaint under R.C. 2151.353(A)(4)" as in this case. *Id.*

{¶ 36} The trial court must satisfy two statutory requirements before ordering a child to be placed in the permanent custody of a children's services agency when proceeding on a complaint with an original dispositional request for permanent custody. A trial court is required to find:

> "in accordance with division (E) of section 2151.414 of the Revised Code that the child cannot be placed with one of the child's parents within a

reasonable time or should not be placed with either parent and determines in accordance with division (D)(1) of section 2151.414 of the Revised Code that the permanent commitment is in the best interest of the child."

*In re A.R.*, 8th Dist. Cuyahoga No. 109482, 2020-Ohio-5005, ¶ 31, quoting R.C. 2151.353(A)(4).

{¶ 37} R.C. 2151.414(E) lists the factors courts consider whether a child cannot be placed with a parent within a reasonable time. These factors include

whether the parent failed continuously and repeatedly to substantially remedy the conditions that had caused the removal of the child (R.C. 2151.414(E)(1)); whether the parent has demonstrated a lack of commitment toward the child by failing to regularly visit or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child (R.C. 2151.414(E)(4)); whether the parent has had parental rights involuntarily terminated with respect to a sibling of the child and has failed to provide clear and convincing evidence to prove that, notwithstanding the prior termination, the parent can provide a legally secure permanent placement and adequate care for the health, welfare, and safety of the child. (R.C. 2151.414(E)(11)); and whether the parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child R.C. 2151.414(E)(14). The statute also permits the court to consider "any other factor the court considers relevant." R.C. 2151.414(E)(16).

*In re L.W.*, 8th Dist. Cuyahoga No. 107708, 2019-Ohio-1343, ¶ 28.

{¶ 38} The trial court determined that Mother and Father have failed continuously and repeatedly to substantially remedy the conditions that caused the child to be placed outside of the home notwithstanding the agency's reasonable efforts under R.C. 2151.414(E)(1). The trial court also found that the parents' chronic mental, emotional illness, or chemical dependencies are so severe that they are unable to provide an adequate permanent home at the present time or within one

year from the hearing under R.C. 2151.414(E)(2). Additionally, the trial court found that the parents have had parental rights terminated to C.B.'s siblings and have not clearly and convincingly demonstrated that they can provide a legally secure permanent placement and adequate care for the health, welfare, and safety of C.B. under R.C. 2151.414(11).

{¶ 39} "Only one of the R.C. 2151.414(E) factors that demonstrate that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent is required to support the juvenile court's finding." *In re L.W.*, 8th Dist. Cuyahoga No. 107708, 2019-Ohio-1343, ¶ 39, citing *In re R.M.*, 8th Dist. Cuyahoga Nos. 98065, 98066, 2012-Ohio-4290, ¶ 15. Thus, the first prong of the inquiry has been satisfied.

{¶ 40} "'Although family unity is an important factor to consider, the paramount consideration is the best interest of the child.'" *In re N.R.*, 8th Dist. Cuyahoga No. 110144, 2021-Ohio-1589, ¶ 32, quoting *In re E.M.B.T.*, 8th Dist. Cuyahoga No. 109479, 2020-Ohio-4308, ¶ 32. "As this court has repeatedly explained, "'[a] child's best interests require permanency and a safe and secure environment.'"" *Id.*, quoting *In re A.R.*, 8th Dist. Cuyahoga No. 103450, 2016-Ohio-1229, ¶ 22, quoting *In re Holyak*, 8th Dist. Cuyahoga No. 78890, 2001 Ohio App. LEXIS 3105 (July 12, 2001). Additionally, "a reasonable-efforts determination is not required at a permanent-custody hearing under R.C. 2151.353(A)(4) when the record demonstrates a reasonable-efforts determination was made earlier in the

proceedings." *Id.* at ¶ 38, citing *In re A.R.,* 8th Dist. Cuyahoga No. 109482, 2020-Ohio-5005, ¶ 32.

{¶ 41} The focus of a best interest determination is on the child, not the parent. *In re P.B.,* 8th Dist. Cuyahoga Nos. 109518 and 109519, 2020-Ohio-4471, ¶ 76, citing *In re N.B.,* 8th Dist. Cuyahoga No. 101390, 2015-Ohio-314, at ¶ 59. When determining the child's best interest pursuant to R.C. 2151.414(D)(1), courts analyze: (a) the interaction and interrelationship of the child with others; (b) the wishes of the child; (c) the custodial history of the child; (d) the child's need for a legally secure placement and whether such a placement can be achieved without permanent custody; and (e) whether any of the factors in divisions R.C. 2151.414(E)(7) to (11) apply.

{¶ 42} "Although the juvenile court is required to consider each statutory factor in determining what is in a child's best interest under R.C. 2151.414(D)(1), no one factor is to be given greater weight than the others." *Id.* at ¶ 76, citing *In re T.H.,* 8th Dist. Cuyahoga No. 100852, 2014-Ohio-2985, ¶ 23, citing *In re Schaefer,* 111 Ohio St.3d 498, 2006-Ohio-5513, 857 N.E.2d 532, ¶ 56. "Only one of the factors needs to be resolved in favor of permanent custody to terminate parental right." *Id.* at ¶ 77, citing *In re A.B.,* 8th Dist. Cuyahoga No. 99836, 2013-Ohio-3818, ¶ 17.

{¶ 43} "A juvenile court has considerable discretion in weighing the factors set forth in R.C. 2151.414(D)(1)." *In re P.B.,* at ¶ 77, citing *id.* Therefore, "[w]e review a juvenile court's determination of a child's best interest under R.C. 2151.414(D)(1) for [an] abuse of discretion." *Id.,* citing *In re D.A.,* 8th Dist. Cuyahoga No. 95188,

2010-Ohio-5618, ¶ 47. An abuse of discretion implies that the court's decision was unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 44}** The trial court found

[t]he interaction and interrelationship of the child with the child's parents, siblings, relatives, and foster parents; the wishes of the child [as expressed by the guardian ad litem due to the child's infancy], the custodial history of the child, including whether the child has been in temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition for twelve or more months of the consecutive twenty-two month period; the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody, and the report of the guardian ad litem, the court finds by clear and convincing evidence that a grant of permanent custody is in the best interests of the child and the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent.

Journal entry No. 0915604868, p. 2 (Mar. 4, 2022).[5]

**{¶ 45}** Upon a careful review of the record, we cannot say that the trial court abused its discretion.

**{¶ 46}** The third assignment of error is overruled.

---

[5] The trial court's finding that the five-month-old child was in agency custody for twelve or months of the consecutive twenty-two-month period was in error; however, that error is harmless where, as here, the trial court determined that multiple R.C. 2151.414(E) factors were present though only one is required. *In re L.W.*, 8th Dist. Cuyahoga No. 107708, 2019-Ohio-1343, ¶ 39, citing *In re R.M.*, 8th Dist. Cuyahoga Nos. 98065 and 98066, 2012-Ohio-4290, ¶ 15.

## III. Conclusion

{¶ 47} The trial court's judgment is affirmed. The case is remanded for the limited purpose of issuing a nunc pro tunc entry to correct the representation that the child was in agency custody for more than twelve months as noted herein.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EMANUELLA D. GROVES, J., CONCUR